# IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
# IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE      )
     )
     )
     )
v.      )     Case No. 1307012739
     )
UNIQUE LOPER,      )
     )
    Defendant.      )

Submitted: June 13, 2014
Decided: June 24, 2014

Christopher Marques, Esquire
Deputy Attorney General
820 N. French Street
Wilmington, DE 19801
*Attorney for State*

Unique Loper
Self-Represented Inmate #00440799
H.R.Y.C.I.
P.O. Box 9501
Wilmington, DE 19801

## ORDER
### On Defendant's Motion to Modify Sentence

Defendant, Unique T. Loper (hereinafter "Loper") brings this motion for modification or reduction of his sentence pursuant to Court of Common Pleas *Criminal Rule 35* and *Criminal Rule 61*.

Loper was arrested on February 7, 2013 and charged with motor vehicle offenses of Driving After Judgment Prohibited, in violation of *21 Del. C. 2810(a)*; Failure to Have Insurance Identification in Possession, in violation of *21 Del. C. 2118(p)(1)*; Failure to Have Registration Card in Possession, in violation of *21 Del. C. 2108*, and Failure to Sign and Carry License, in violation of *21 Del. C. 2721(a)*.

[Type text]

On August 6, 2013, Loper entered a plea to driving After Judgment Prohibited and Failure to Have Insurance. The Court on the Driving After Judgment Prohibited offense imposed a fine of $1,000 and committed him to Level V for a period of thirty (30) months, with no probation to follow. It is the thirty (30) month sentence which Loper moves the Court to modify.

The language of Court of Common Pleas *Criminal Rule 35* provides in relevant part that, "The Court may reduce a sentence of imprisonment on a motion made within 90 days after the sentence is imposed . . . The Court may consider an application made thereafter only in extraordinary circumstances . . . The Court will not consider repetitive requests for reduction of sentence."

Loper filed a motion for reduction of sentence on August 27, 2013, which was timely under the rules. This Court on October 16, 2013, denied the motion after due consideration. In that motion, Loper argued that the sentence was too long because he was driving his girlfriend to the hospital as a result of pain she was experiencing during the pregnancy.

In the present motion, which I consider under the extraordinary circumstances provision, Loper advances three arguments. First, that the sentence imposed is the maximum allowed under the statute; therefore, the sentence is excessive, and constitutes cruel and unusual punishment. Secondly, he alleges that he agreed with his attorney when he took the plea that there was an understanding with the State that the plea was for 60 days in custody. Thirdly, he argues that his attorney was ineffective because when

2

he asked about why the State took the 60 days back, he was lead to believe that his lawyer would pursue the issue, but it was never addressed.

The State opposes the motion setting forth a series of factors it argues justify the sentence. The State point to the fact that from 2010 to the date of sentencing, Loper had been convicted of two (2) insurance violations; seven (7) No Valid License offenses; four (4) Driving During Suspension/Revocation offenses; one (1) Failure to Comply With Conditions of Bond; and twenty-two (22) violation of probation offenses. Further, the State argues that when Loper was arrested for the Driving During Judgment Prohibited charge, he was on Level I probation for a Driving During Suspension/Revocation offense.

Addressing seriatim the allegations of Loper, the language of *21 Del. C. 2810* provide that upon a conviction for a first offense, the sentence may include a period of imprisonment up to 30 months. Loper argues that his sentence of 30 months, which is the maximum allowable under the statute, is cruel and unusual punishment. The *Eighth Amendment* of the United States Constitution as applied to the States through the *14th Amendment* prevents punishments which are cruel and unusual. The *Eighth Amendment* analysis of such principle involves two issues. First is proportionality of the sentence and the second pertains to the method or mode of punishment. *State v. Walton*, 2002 WL 126400, Del. Super. The fact that the maximum allowable prison sentence was imposed does not alone give rise to cruel and unusual punishment. Further, Loper was on probation for a driving offense when he was arrested on the offense for which he

3

was sentenced. Additionally, he had been convicted on several prior occasions for Driving While License Suspended/Revoked.

The declared policy of the Habitual Offender provisions is to provide maximum safety for all persons who travel or otherwise use the public highways of this State. Clearly, Loper's record indicates he had demonstrated indifference to the safety and welfare of others. While the sentence is long, it is imposed to achieve the much needed purpose of safety which is the purpose for which the statute was enacted. Thus, there is no basis for which I can conclude the sentence is not appropriate based upon the acts of Loper in this incident.

Secondly, Loper argues that pursuant to the plea agreement, he was to receive a 60 day sentence. This argument is not supported by the record. The plea agreement set forth the minimum and maximum range of penalties. Additionally, under State recommendations, it is clearly stated "open sentencing," which means the State was reserving the right to take any position at sentencing. During the colloquy, the State indicated on the record it was open sentencing. Further, the Court reviewed with Loper all the rights in the plea document, inquired if he had questions for the Court and read the Information to Loper. Loper responded to all the Court's questions that he understood the charges and was guilty of the offenses charged.

During the sentencing stage, the State requested the Court impose 30 months based upon SENTAC aggravating factors. The factors advanced by the State are prior violent criminal conduct, repetitive criminal conduct, and lack of amenability to lesser

4

sanction. Thereafter, defense argued against the State's position prior to sentencing. When imposing the sentence, the Court indicated that it was relying upon the aggravating factors in reaching its decision. The Court reviewed with Loper its finding based upon his prior record.

Thirdly, Loper argues his attorney was ineffective in his representation of the defendant. To prevail on an ineffective assistance of counsel allegation, defendant must demonstrate first that counsel's performance was deficient, that such representation fell below an objective standard of reasonableness. Mere allegations of ineffectiveness is not sufficient, the defendant must setforth specific allegations of actual prejudice, and substantiate them. Furthermore, defendant must demonstrate that the deficiencies prejudiced him by depriving him of his rights to a fair proceeding. In essence, Loper must demonstrate that there is a reasonable probability, that but for counsel's unprofessional errors, the result of the proceeding would have been different. *State v. Jose*, 2014 WL2119703 (Del. Super.)

The Court when sentencing Loper stated it was relying upon the statutory aggravating factors, and these factors justified the sentence imposed. Therefore, a review of the record indicates there is no fair probability the results would be different. Further, Loper's attorney urged the Court not to follow the State's recommendation and raise mitigating factors.

The record clearly reflects that Loper understood the consequences and potential sentence and consulted with his attorney during the course of the proceedings.

5

Accordingly, based upon the foregoing, the motion is hereby Denied.

**SO ORDERED** this 24th day of June, 2014.

_____
Alex J. Smalls,
Chief Judge

Unique Loper-ORD  June 2014

6